## MATTER OF RECZYNSKI

### In Bond Proceedings

### A-20919696

### *Decided by Board March 3, 1976*

(1) While an immigration judge is empowered pursuant to 8 CFR 242.2(b) to redetermine the amount of, or a condition of, a bond subsequent to its imposition by a district director and before a deportation order becomes administratively final, there is no independent basis in the regulations authorizing an immigration judge to determine whether there has been a breach of bond. A district director, who is authorized to declare a bond breached (8 CFR 103.6(e)), is the one who should do so.

(2) Where, on the basis of information presented at the hearing before an immigration judge in connection with request for bond redetermination under 8 CFR 242.2(b), there is reason to believe, as in the instant case, there may have been a breach of a bond condition, the procedure to be followed is adjournment of the hearing to allow the district director to determine whether or not the bond should be declared breached. If declared breached, the redetermination hearing then becomes moot.

ON BEHALF OF RESPONDENT: Nathan T. Notkin, Esquire
11 South LaSalle Street
Chicago, Illinois 60603

This is an appeal from a determination of an immigration judge, dated September 26, 1975, denying the respondent's request for a change in his custody status. The record will be remanded.

The respondent is a single male alien who is a native and citizen of Poland. On February 5, 1975, an order to show cause and warrant of arrest were issued. The order to show cause alleges that the respondent entered the United States as a nonimmigrant visitor and has remained in the United States for a period longer than authorized. The respondent was released from custody under bond in the amount of $1,500. A rider attached to the bond prohibited the respondent from being employed without permission of the Immigration and Naturalization Service. The respondent does not contest the amount of the bond, but only the imposition of the non-employment rider. The request for the bond redetermination hearing was not formally made until September 26, 1975. At the time of the request, the deportation hearing had not yet been held.

In his memorandum of decision of support of his determination, the

immigration judge stated that, on the morning of the hearing, the trial attorney orally informed him that the Service had learned that the respondent had been employed, in apparent violation of the non-employment condition of the bond. The immigration judge stated that he questioned the respondent and that the respondent admitted that he had been employed. The immigration judge concluded that the respondent had breached the condition of the bond and that because of the breach he accordingly lacked jurisdiction to determine the issue. There is nothing in the record to indicate the district director declared the bond breached. On appeal, the respondent contends that a breach does not occur absent such a declaration.

A condition against unauthorized employment is provided for in 8 CFR 103.6(a)(2). See *Matter of Leon-Perez*, 15 I. & N. Dec. 239 (BIA 1975). See generally *Matter of Toscano-Rivas*, 14 I. & N. Dec. 523 (BIA 1972, 1973; A.G. 1974). A bond is breached when there has been a "substantial violation of the stipulated conditions." 8 CFR 103.6(e). However, this regulation also provides:

> The *district director* having custody of the file containing the immigration bond executed on Form I-352 *shall determine whether the bond shall be declared breached or cancelled,* and shall notify the obligor on Form I-323 or Form I-391 of the decision, and, if declared breached of the reasons therefor and of the right to appeal in accordance with the provisions of this part. (Emphasis supplied.)

It is apparently this provision on which the respondent relies in contending that there could have been no breach absent a declaration by the district director.

Under 8 CFR 242.2(b), an immigration judge is empowered to redetermine the amount of, or a condition of, a bond subsequent to its imposition by a district director and prior to an order of deportation being entered.[1] However, there is no independent basis in the regulations giving an immigration judge the authority to pass on whether or not there has been a breach of the bond. Resolution of such a factual issue could precipitate a lengthy bond determination hearing. The district director, who is authorized to declare a bond breached, is the one who should do so.

Once there has been a breach, and a declaration of such by the district director, there is little reason for an immigration judge to redetermine the bond condition. To hold otherwise would permit an alien under bond to violate the bond conditions with the knowledge that if he is discovered, he could then challenge the imposition of the condition. An alien

---

[1] As amended effective November 28, 1975, 8 CFR 242.2(b) now provides that when an alien has posted the bond and has been released from custody, the immigration judge may make a redetermination only if the request is made within seven days of release. After that seven-day period, requests for modification of conditions of the bond are made to the district director. See 40 Fed. Reg. 50250 (October 29, 1975).

under a bond condition can adequately protect his rights by making a prompt request for a redetermination either shortly after the condition is imposed or at such time as he believes conditions may have changed sufficiently to warrant a request.

On the basis of the information presented at the hearing, there was reason to believe there may have been a breach of the bond condition. Under these circumstances, the procedure to be employed is to adjourn the hearing to allow the district director to determine whether or not the bond should be declared breached. If it were declared breached, the redetermination hearing would then become moot. We shall remand the record to the immigration judge for this procedure to be employed.

ORDER: The record is remanded to the immigration judge for further proceedings consistent with this opinion and the entry of a new decision.